372 P.2d 401

Afton McBRIDE, Plaintiff-Appellant,

v.

E. R. HOPPER, Commissioner of Law Enforcement of the State of Idaho, Defendant-Respondent.

No. 9058.

Supreme Court of Idaho.

June 15, 1962.

R. M. Whittier and Isaac McDougall, Pocatello, for appellant.

Frank L. Benson, Atty. Gen., and Will S. Defenbach, Asst. Atty. Gen., Boise, for respondent.

KNUDSON, Justice.

Appellant, Afton McBride, a widow, is the owner of a building and premises situate in the city of Blackfoot, Idaho, known as the Empire Bar & Cafe. Respondent, E. R. Hopper, Commissioner of Law Enforcement, is empowered, authorized and directed to issue licenses to qualified ap-

plicants whereby the licensee shall be authorized and permitted to sell liquor by the drink at retail.

This action was commenced by appellant seeking a preemptory writ of mandate directing respondent to issue appellant a license to sell liquor by the drink at retail upon the premises hereinbefore mentioned. An alternative writ of mandate was issued and respondent promptly filed his answer denying appellant's claimed right to such license. After a hearing regularly had the trial court entered judgment quashing the alternative writ of mandate and dismissing appellant's complaint with prejudice. This appeal is from said judgment.

During the calendar year of 1960 the premises here involved had been leased to R. B. Farris who applied for and secured a license to sell liquor by the drink at retail upon said premises. Said license was issued to "R. B. Farris, d/b/a Empire Bar & Cafe" and expired at one o'clock A.M. January 1, 1961.

Appellant testified that during October 1960 she and Mr. Farris first discussed the matter of Mr. Farris continuing with the business at said premises. It was thereafter agreed between them that the retail liquor license for 1961 should be taken out in appellant's name and that Mr. Farris would operate the business for appellant until she could sell it. Under date of December 20, 1960, appellant signed an "Application for Retail Liquor License" which was thereafter received at the office of the Department of Law Enforcement on December 30, 1960. This application was made upon the regular form as provided by said Department requesting a license for the year 1961 relative to the premises involved. Thereafter appellant was notified by respondent that he refused to issue the license for the reason "that Section 23–903, Idaho Code, as amended, prohibits the issuance of any new licenses in the City of Blackfoot as the number of licenses now issued exceeds the number provided for by said section".

The pertinent portion of I.C. § 23–903 is as follows:

"The commissioner of law enforcement is hereby empowered, authorized, and directed to issue licenses to qualified applicants, as herein provided, whereby the licensee shall be authorized and permitted to sell liquor by the drink at retail and, upon the issuance of such license, the licensee therein named shall be authorized to sell liquor at retail by the drink, but only in accordance with the rules and regulations promulgated by the said commissioner and the provisions of this act. No license shall be issued for the sale of liquor on any premises outside the incorporated limits of any city or

village * except as provided in this act *and the number of licenses so issued for any city or village shall not exceed one license for each 1,500 of population of said city or village, or fraction thereof, as established in the last preceding census,* except that upon proper application thereof not more than two licenses may be issued for each incorporated city or village with a population of 1,500 or less, unless the retail licensing of liquor by the drink has been previously disapproved under the provisions of sections 23–917, 23–918, 23–919, 23–920 and 23–921, Idaho Code; *provided, however, that any license heretofore issued may be renewed from year to year without regard to the population of the city or village for which such license is issued.*" (Emphasis supplied)

It is not disputed that according to the official United States 1960 census the population of the city of Blackfoot was 7,378 persons, nor is it disputed that at the time applicant's application was received at respondent's office there were ten (including the one held by Mr. Farris) retail liquor licenses issued and in effect within the city of Blackfoot. Each of the nine licenses (excluding the one held by Mr. Farris) was renewed for the year 1961.

It is the contention of respondent that appellant's application was for a new permit and since the number of licenses already issued within the city of Blackfoot exceeded the number authorized by I.C. § 23–903 he was required to deny the application. Appellant contends that Mr. Farris orally assigned his right to renew his license to appellant and consequently appellant was entitled to the license applied for.

I.C. § 23–908 authorizes the transfer of a retail liquor license to a qualified transferee, the pertinent portion of said section being:

"Application to transfer any license issued pursuant to chapter 9, Title 23, Idaho Code, shall be made to the commissioner. Upon receipt of such an application, the commissioner shall make the same investigation and determinations with respect to the transferee as are required by section 23–907, Idaho Code, and if the commissioner shall determine that all of the conditions required of a licensee under chapter 9, Title 23, Idaho Code, have been met by the proposed transferee, then the license shall be endorsed over to the proposed transferee by said licensee for the remainder of the period for which such license has been issued and the commissioner shall note his approval thereof upon such license."

In view of the fact that the issuance of a new license for 1961, to be effective with-

in the city of Blackfoot, was prohibited by I.C. § 23–903, the only manner by which appellant could continue the license relative to her property was by securing a transfer of the Farris license.

No special forms were provided by the Department for applications for transfer of a license.

Appellant in making her application used the forms provided by the Department for licensees' use in making application for renewal of their licenses for the ensuing year. Appellant's application did not state in any particular that the application was for the transfer of an existing license. In this respect the trial court found:

"That plaintiff did not make and has not made any application to transfer R. B. Farris' 1960 Idaho State Retail Liquor License to herself nor has anyone else made application for such a transfer, and that plaintiff did not state in her application for a 1961 Idaho State Retail Liquor License that said application was for a transfer of the existing license nor was said application accompanied by any letter or other document stating that a transfer of R.

B. Farris' 1960 Idaho State Retail Liquor License was intended; that at the time of submitting said application the plaintiff included with said application a check in the sum of $1,000.00 in payment of the license fee for 1961."

The court also found:

"That the said R. B. Farris did not and never has endorsed his 1960 Idaho State Retail Liquor License over to the plaintiff as provided by Section 23–908, Idaho Code, the same not being required until after the approval of the proposed transferee by the Commissioner of Law Enforcement."

The trial court concluded that appellant was not entitled to have issued to her a 1961 retail liquor license by reason of her failure to make proper application for and accomplish the transfer of the previously existing 1960 license issued to Mr. Farris.

The trial court's findings and conclusion are supported by the record and the judgment is affirmed. No costs allowed.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.